IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUZ DEL CARMEN SALAZAR, § <br> Individually and as Next Friend of § <br> ALAN JACKOBS ALVAREZ SALAZAR, § <br> a minor, KARLA CABRERA MORALES, § <br> Individually and as Next Friend of § <br> JOSHUA YERIT SANDOVAL CABRERA, § <br> a minor, and YVONNE CARRILLO § <br> § <br> V. § <br> § <br> WIRECO WORLDGROUP, INC., WIRECO § <br> WORLDGROUP, INC. d/b/a UNION ROPE § <br> COMPANY, CAMESA, INC., KENNEDY § <br> WIRE ROPE & SLING COMPANY, § <br> BRIDON-AMERICAN CORPORATION, § <br> CERTEX USA, INC., HOLLOWAY- § <br> HOUSTON, INC., NOBLE DRILLING (U.S.) § <br> INC., SOUTHWEST WIRE ROPE, INC., § <br> THE OFFSHORE DRILLING COMPANY § <br> Defendants § | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

Defendant WireCo WorldGroup, Inc. (hereinafter "WireCo WorldGroup") files this Notice of Removal of this case from the 55th Judicial District Court, Harris County, Texas, to this Court.

### I.
### CITIZENSHIP OF PARTIES

**A.   Plaintiffs**

At all times relevant to this removal, that is, at the time of the filing of this suit and through the time the case was removed to federal court, Plaintiffs Luz Del Carmen

Salazar, Individually and As Next of Friend of Alan Jackobs Alvarez, A Minor, Larla Cabera, Individually and As Next Friend of Joshua Yerit Sandoval Cabrera, a Minor, and Yvonne Carillo were domiciled in Mexico. *See* Plaintiffs' Second Amended Original Petition, ¶I, Exhibit "A." Consequently, at all relevant times, Plaintiffs have been citizens of Mexico.

**B.     WireCo WorldGroup**

At all times relevant to this removal, that is, at the time of the filing of Plaintiffs' suit and through the time the case was removed to federal court, Defendant WireCo WorldGroup was a Delaware corporation with its principal place of business in Kansas City, Missouri. *See* Certificate of Authority, Exhibit "B"; Plaintiffs' First Amended Original Petition, ¶ I, "Exhibit C." Consequently, at all relevant times, including at the time this lawsuit was filed and through the time this case was removed to federal court, Defendant WireCo WorldGroup, was a citizen of Delaware and Missouri and is not a citizen of Mexico.

## II.
## THE AMOUNT IN CONTROVERSY

The Plaintiffs' Second Amended Original Petition does not state on its face the amount sought in damages. *See generally* Plaintiffs' Second Amended Original Petition; Exhibit "A." In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). However, a court can determine that removal is proper if it is facially apparent that the claims will exceed the jurisdictional

amount. *See Allen*, 63 F.3d 1335. To determine whether it is "facially apparent" that the claims exceed the jurisdictional amount, the court must examine the complaint. *Greenberg*, 134 F.3d at 1253. Plaintiffs' Second Amended Original Complaint alleges wrongful death claims for three decedents: Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez, and Rafael Castillo Flores. *See* Plaintiffs' Second Amended Original Petition, ¶VII; Exhibit "A." Thus in addition to the general damages based on the alleged past and future pain, suffering and mental anguish of the beneficiary-plaintiffs, Plaintiffs have also alleged Special damages of loss of care, maintenance, support, services, advice, counsel, and loss of companionship and society. *See* Plaintiffs' Second Amended Original Petition, ¶VII (a)-(c); Exhibit "A." Because Plaintiffs allege that this action is brought pursuant to the Texas Wrongful Death Act and the Texas Survival Statute, they also allege damages for the pain, suffering and mental anguish of the three decedents, as well as funeral expenses and exemplary damages. *See* Plaintiffs' Second Amended Original Petition, ¶VII; Exhibit "A;" TEX. CIV. PRAC. & REM. CODE §71.001, §71.021. Therefore, it is facially apparent that Plaintiffs' claims are in excess of $75,000. *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir.1993) (finding that it was facially apparent that claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses associated with Mexican plane crash exceeded amount in controversy); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (complaint alleging damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization was sufficient to show claims exceeded $75,000.00); *McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008) (claims under

Oklahoma wrongful death exceeded amount in controversy where statute allowed recovery for medical and burial expenses, the loss of consortium, grief of the surviving spouse, mental pain and anguish suffered by the decedent, pecuniary loss based on earning capacity, grief and loss of companionship and punitive damages).

### III.
### GROUNDS FOR REMOVAL

On July 1, 2009, Plaintiffs filed Plaintiffs' Second Amended Original Petition in the 55th Judicial District Court of Harris County, Texas, styled: *Luz Del Carmen Salazar et al. v. WireCo WorldGroup, Inc. et al.,* Cause No. 2009-23132. In this petition, Plaintiffs asserted causes of action for negligence, breach of express and implied warranties, and strict liability in tort, alleging that Defendants were a proximate cause of the deaths of Jorge Aleman, Jose Jiminez and Rafael Flores. Specifically, Plaintiffs alleged that the Defendants failed to ensure that the cable was not defective before it was allowed to be used on the offshore platform. *See* Plaintiffs' Second Amended Original Petition, ¶¶III-VI.

In the Second Amended Original Petition, Plaintiffs named the following parties as Defendants: WireCo WorldGroup, Inc., Camesa, Inc., Kennedy Wire Rope & Sping Co., Bridon-America Corporation, Certex USA, Inc., Holloway-Houston, Inc., Noble Drilling (U.S.) Inc., Southwest Wire Rope, L.P., and The Offshore Drilling Company. *See* Plaintiffs' Second Amended Original Petition, ¶I, Exhibit "A." All parties except for Camesa, Inc. have appeared and answered in this suit. *See* Plaintiffs' Second Amended Original Petition, ¶I, Exhibit "A." All the Defendants that have appeared and answered in this suit except WireCo WorldGroup have been nonsuited. See Plaintiffs' Notice of Non-suits, collectively Exhibit "D."

WireCo WorldGroup received a copy of the last Notice of Non-suit, against non-diverse defendant Southwest Wire Rope, Inc., on September 15, 2009. This Notice of Non-suit, which left WireCo WorldGroup as the only Defendant, was the first motion from which it could be ascertained that the case has become removable. See 28 U.S.C. §1446 (b). Because this Notice of Removal is being filed within thirty (30) days after September 15, 2009, removal of this action is timely in accordance with 28 U.S.C. § 1446.

The above described action is civil in nature and involves claims by Plaintiffs for alleged wrongful death and survival damages that, upon information and belief, are in excess of $75,000.00. The following facts set forth the diversity of citizenship of the parties:

1. Plaintiffs all allege that they are residents of Mexico.

2. Defendant WireCo WorldGroup is a Delaware corporation with its principal place of business in Kansas City, Missouri.

For diversity purposes, a corporate entity is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). WireCo WorldGroup is therefore a citizen of Delware and Missouri. *See McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975) (when jurisdiction depends on citizenship, citizenship must be "distinctly and affirmatively alleged"). WireCo WorldGroup is neither incorporated in the state of Texas nor does it have its principal places of business in the state of Texas and is therefore is not a citizen of the state of Texas. *See* 28 U.S.C. §1441(b) (even in complete diversity, suit cannot be

removed if one of the defendants is a citizen of the state where the suit was filed). Thus, Defendant, the citizen of a State, is diverse to all Plaintiffs, citizens or subject to a foreign state, and the action can be removed.

## IV.
## JURISDICTION UNDER 28 U.S.C. § 1332

This proceeding is removable under 28 U.S.C. § 1332. This is a civil action of which the district courts have original jurisdiction as the parties are citizens of a State and citizens or subjects of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

## V.
## PROCEDURE FOR REMOVAL

On July 1, 2009, Plaintiff filed their Second Amended Original Petition. As of September 15, 2009, every Defendant who has answered except WireCo WorldGroup was non-suited. Defendants are filing their Notice of Removal within thirty days after receipt of the Notice of Non-suit from which it may first be ascertained that the case is one which has become removable, in accordance with 28 U.S.C. §1446(b). The one-year deadline under 28 U.S.C. §1446(b) has not elapsed.

An exact copy docket sheet in the state court action and each of the papers filed in the state court as of date of removal, with the exception of discovery items, accompany this Notice. *See* Index of State Court documents, attached hereto and the documents listed therein, which are being submitted as Exhibit "E" to this Notice of Removal.

## VI.
## CONSENT BY OTHER DEFENDANTS

As all served Defendants other than WireCo WorldGroup have been nonsuited, no consent is necessary for removal.

## VII.
## NOTICE TO STATE COURT

Notice of this Notice of Removal will be filed with the Harris County District Clerk's Office and served on all parties. 28 U.S.C. § 1446(d).

## VIII.
## DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. 7.1(a)

Pursuant to the requirements of F.R.C.P. 7.1(a), a Disclosure Statement is filed contemporaneously herewith.

Respectfully submitted,

BROWN SIMS, P.C.

By: _____
Robert M. Browning
Texas Bar No. 00796264
Julie Lomax
Texas Bar No. 24050946
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580 Phone
(713) 629-5027 Fax

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* has been forwarded to all attorneys of record *via certified mail, return receipt requested* on this the 23rd day of September, 2009 as follows.

Tommy R. Hastings
Hastings Law Firm, P.C.
616 FM 1960 West, Suite 725
Houston, Texas 77090

Robert M. Browning