# EXHIBIT A

NO.2009-23132

| | | |
|---|---|---|
| LUZ DEL CARMEN SALAZAR, Individually and As Next Friend OF ALAN JACKOBS ALVAREZ SALAZAR, A Minor, KARLA CABRERA MORALES, Individually and As Next Friend of JOSHUA YERIT SANDOVAL CABRERA, A Minor, AND YVONNE CARRILLO | § § § § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | |
| WIRECO WORLDGROUP, INC., WIRECO WORLDGROUP, INC. d/b/a UNION ROPE COMPANY, CAMESA, INC., KENNEDY WIRE ROPE & SLING COMPANY, BRIDON-AMERICAN CORPORATION, CERTEX USA, INC., HOLLOWAY-HOUSTON, INC., NOBLE DRILLING (U.S.) INC., SOUTHWEST WIRE ROPE, INC., THE OFFSHORE DRILLING COMPANY | § § § § § § § § § § § | HARRIS COUNTY, TEXAS <br><br> 55TH JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION
## AND REQUEST FOR RULE 194 DISCLOSURES

COME NOW, LUZ DEL CARMEN SALAZAR, Individually and As Next Friend of ALAN JACKOBS ALVAREZ, A Minor, LARLA CABRERA, Individually and As Next Friend of JOSHUA YERIT SANDOVAL CABRERA, A Minor, and YVONNE CARRILLO, Plaintiffs, complaining of WIRECO WORLDGROUP, INC., , CAMESA, INC., KENNEDY WIRE ROPE & SLING COMPANY, BRIDON-AMERICAN CORPORATION, CERTEX USA, INC., HOLLOWAY-HOUSTON, INC., NOBLE DRILLING (U.S.) INC., SOUTJHWEST WIRE ROPE, L.P., THE OFFSHORE DRILLING COMPANY, Defendants, and for cause of action shows:

## I.
## Parties

Plaintiffs, LUZ DEL CARMEN SALAZAR, Individually and As Next Friend of ALAN JACKOBS ALVAREZ SALAZAR, A Minor, are residents of Mexico.

Plaintiffs, KARLA CABRERA MORALES, Individually and As Next Friend of JOSHUA SANDOVAL CABRERA, A Minor, are residents of Mexico.

Plaintiff, YVONNE CARRILLO, is a resident of Mexico.

Defendant, WIRECO WORLDGROUP, INC., formerly known as Wire Rope Corporation of American, Inc., (hereinafter referred to as "WIRECO"), has appeared and answered.

Defendant, CAMESA, INC., formerly known as Aceros Camesa (hereinafter referred to as "CAMESA"), is a corporation licensed to do business in the State of Texas and can be served with proves by serving its registered agent, Mr. E. H. Thornton, Jr., 1775 St. James Place, Houston, Texas 77056.

Defendant, KENNEDY WIRE ROPE & SLING COMPANY, has appeared and answered.

Defendant, BRIDON-AMERICAN CORPORATION, has appeared and answered.

Defendant, CERTEX USA, INC., has appeared and answered.

Defendant, HOLLOWAY-HOUSTON, INC., has appeared and answered.

Defendant, NOBLE DRILLING (U.S.) INC. (hereinafter referred to as "NOBLE"), has appeared and answered.

Defendant, SOUTHWEST WIRE ROPE, L.P. (hereinafter referred to as "SOUTHWEST"), has appeared and answered.

Defendant, THE OFFSHORE DRILLING COMPANY, has appeared and answered.

## II.
## Jurisdiction and Venue

Jurisdiction is proper in this Court because the Plaintiffs have suffered damages within the jurisdictional limits of this Court.

Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3) because on or more of the Defendants have principal offices is in Harris County.

## III.
## Facts

Plaintiffs would show that on or about April 25, 2007, Jorge Alvarez Aleman, husband of Plaintiff, Luz Del Carmen Salazar and father of Alan Jackobs Alvarez Salazar, a Minor; Jose Abraham Sandoval Jimenez, husband of Plaintiff, Karla Cabrera Morales and father of Joshua Sandoval Cabrera, a Minor, and Rafael Castillo Flores, husband of Yvonne Carrillo, were working on an offshore platform in the Gulf of Mexico when a wire cable broke, causing Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, to be crushed by falling equipment. The wire rope at issue was designed, manufactured, maintained, and inspected by the Defendants in this case. Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, died of the injuries they received as a result of this occurrence.

To the extent that any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of TEX. R. CIV. P. 28, and the Plaintiffs hereby demand that upon answering this suit, that they answer in their correct legal name and assumed name.

## IV.
### Negligence

Plaintiffs would show that Defendants committed acts of negligence which were a proximate cause of the deaths of Jorge Aleman, Jose Jimenez and Rafael Flores. Specifically, Plaintiffs would show that Defendants failed to ensure that the cable was not defective before it was allowed to be used on the platform in question. As a result, the defective cable broke proximately causing the deaths of Jorge Aleman, Jose Jimenez and Rafael Flores, and Plaintiffs' damages.

## V.
### Breach of Express and Implied Warranties

Due to the negligence of Defendants, the wire rope was not fit for its intended use. Distribution of the product by the Defendants in such condition breached the express warranty against defects and implied warranty that the product was suitable for use. By breaching express and implied warranties, Defendants proximately caused the injuries and damages suffered by the Plaintiffs.

## VI.
### Strict Liability in Tort

As designed, assembled, inspected, maintained, and placed in the stream of commerce, the cable was unsafe, defective and unreasonably dangerous to Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores. The cable was being used as it was intended. As a result, Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, suffered fatal crushing injuries that would not have occurred had the cable not broken. Accordingly, Defendants are strictly liable to Plaintiffs for their injuries and damages. The Plaintiffs therefore invoke the doctrine of strict liability discussed in §402A, Restatement of the Law of Torts, 2nd,

## VII.
### Damages

This is a claim for the Wrongful Death of Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, caused by the Defendants. This action is brought by Plaintiffs on behalf of themselves and all other wrongful death beneficiaries. This action is brought pursuant to Tex. Civ. Prac. & Rem. Code 71.001 et. seq., also known as the Texas Wrongful Death Act. As a result of the deaths of Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, Plaintiffs are entitled to recover those damages they have sustained, including:

a. the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Plaintiffs would have received from Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, both in the past and in the future;

b. the loss of companionship and society and positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs would have received from Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, both in the past and in the future;

c. and the mental anguish, emotional pain, torment, and suffering experienced by Plaintiffs as a result of the deaths of Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, both in the past and in the future.

These claims are brought by Plaintiffs for the benefit of the Estates of Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez and Rafael Castillo Flores, for the damages, suffering, and injuries suffered by Jorge Alvarez Aleman, Jose Abraham Sandoval Jimenez

and Rafael Castillo Flores, prior to their deaths, pursuant to Tex. Civ. Prac. & Rem. Code 71.021, also known as the Texas Survival Statute.

## VIII.
## Request for Disclosure

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## IX.
## Jury Demand

Plaintiffs request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial of this cause, Plaintiffs recover:

1. judgment against Defendant for Plaintiffs' damages as set forth above;

2. post-judgment interest at the legal rate from the date of judgment;

3. pre-judgment interest as allowed by law;

4. costs of court; and

5. such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

HASTINGS LAW FIRM, P.C.

Tommy R. Hastings
State Bar No. 24031637
616 FM 1960 West, Suite 725
Houston, Texas 77090
Phone:   (281) 466-1396
Fax No.: (281) 466-1887

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via facsimile, hand delivery, and/or certified mail, return receipt requested on the 1st day of July, 2009:

*Via Facsimile 713-783-7157*
Douglas T. Gosda
Rick W. Thamm
Manning, Gosda & Arredondo LLP
2401 Fountainview Drive, Suite 920
Houston, Texas 77057
Attorneys for Bridon-American Corporation

*Via Facsimile 713-652-2419*
Karri J. Webb
Barker Lyman PC
1221 McKinney Street, Suite 3600
Houston, Texas 77010
Attorneys for Certex USA, Inc.

*Via Facsimile 713-831-4848*
Mary Szilagyi-Ovaitt
Handlin & Associates
2777 Allen Parkway, Suite 370
Houston, Texas 77019
Attorneys for Holloway-Houston, Inc.

*Via Facsimile 214-871-8209*
David A. McFarland
Thompson, Coe, Cousins & Irons LLP
Plaza of the Americas
700 N Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Attorneys for Kennedy Wire Rope & Sling Company

*Via Facsimile 713-599-1355*
Ronald L. White
White Mackillop & Gallant PC
2200 West Loop South, Suite 1000
Houston, Texas 77027
Attorneys for Southwest Wire Rope LP

*Via Facsimile 713-629-5027*
Robert M. Browning
Julie C. Lomax
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Attorneys for Wireco Worldgroup, Inc. and
Wireco Worldgroup, Inc. d/b/a Union Rope Company

*Via Facsimile 713-228-1331*
J.T. Nesser
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, Texas 77002
Attorneys for The Offshore Drilling Company

*Via Facsimile 713-572-9129*
Kevin T. Dossett
Preis & Roy
Wesleyan Tower
24 Greenway Plaza, Suite 2050
Houston, Texas 77046

Tommy R. Hastings